IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RUSSELL ELLEFSON and JOSHUA ZONGKER,**<br><br>Plaintiffs,<br><br>vs.<br><br>**GENERAL ELECTRIC COMPANY and GE LAYOFF PLAN FOR SALARIED EMPLOYEES,**<br><br>Defendants. | Case No.: 6:23-cv-1145-JAR-TJJ |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

**I.      PRELIMINARY STATEMENT**

Defendants General Electric Company ("GE") and GE Layoff Plan for Salaried Employees (the "Plan") (collectively "Defendants") hereby move the Court pursuant to Fed. R. Civ. P. 8, and 12(b)(6) to dismiss the Complaint filed by Plaintiffs Russell Ellefson ("Ellefson") and Joshua Zongker ("Zongker") (collectively "Plaintiffs") with prejudice for failure to state a claim upon which relief can be granted.

Plaintiffs commenced this lawsuit in Kansas state court claiming that they are owed severance benefits pursuant to the terms of a Plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. ¶ 1001, *et seq.* ("ERISA"). Though Plaintiffs' Complaint reflects an awareness that ERISA requires exhaustion of the administrative review process before filing a claim for benefits in Court, they admit that they have not exhausted that process, instead claiming that they are "excused" from it because they allegedly did not receive notification of the review procedure and a statement by a GE employee "waived" the procedure. Plaintiffs' allegations and the documents attached to their Complaint, however, indicate that they had access to information

in order to utilize the procedure. The documentation also states that the terms of the Plan override any purportedly contradictory comment by a GE employee. Further, Plaintiffs' allegations reflect an awareness of their rights under ERISA, which they seem to want to assert only when it is convenient for them. Plaintiffs' recalcitrance should not allow them to circumvent the well-established requirement that they exhaust the administrative process. Therefore, Defendants respectfully request that the Court grant their motion to dismiss Plaintiffs' ERISA claim. Further, the Court should decline to exercise supplemental jurisdiction over Plaintiff Zongker's state law breach of contract claim.

## II.   LEGAL STANDARD

### A.   Plaintiff Must State A Plausible Claim For Relief To Survive A Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6)

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), courts must accept all well-pleaded facts as true and view them in the light most favorable to the nonmoving party. *Amador v. Boilermaker-Blacksmith Nat'l Pension Trust*, No. 14-2329-RDR and No. 14-2331-RDR, 2014 U.S. Dist. LEXIS 128987, *5 (D. Kan. Sep. 12, 2014) (citing, *inter alia*, *Zinermon v. Burch*, 494 U.S. 113, 118 (1990)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081 (10th Cir. Jun. 28, 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009)). Conclusory allegations will not suffice to defeat these motions. *Moffett v. Halliburton Energy Servs.*, 291 F.3d 1227, 1231 (10th Cir. May 29, 2002). Nor will "threadbare recitals of the elements of a cause of action" suffice. *Iqbal*, 556 U.S. at 678. Accordingly, a complaint is subject to dismissal where it fails to state "a legally cognizable claim" that is plausible. *See Wilkins v. Denver*

*Dep't of Safety*, 126 Fed. Appx. 453, 453 (10th Cir. 2005) (affirming the district court's dismissal of a case under Fed. R. Civ. P. 12(b)(6) for failure to state a legally cognizable claim).

> B. **The Court May Consider Documents Incorporated In The Complaint On A Motion to Dismiss Under FED. R. CIV. P. 12**

In reviewing a motion under Fed. R. Civ. P. 12, a court may consider documents incorporated into the complaint by reference. *Gearheart v. ClickSpeed Mktg.*, No. 13-2160-SAC, 2013 U.S. Dist. LEXIS 117656, *3-*4 (D. Kan. Aug. 20, 2013) (quoting *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013)). In particular, where a complaint names the Plan as a Defendant, sets forth claims for benefits under an ERISA-governed plan, and makes references to the plan, such as stating that a plaintiff is owed money "due under the Plan," the plan is "central" to the ERISA claim, and it is appropriate for the court to consider the referenced plan in connection with a motion under Fed. R. Civ. P. 12. *Gearheart*, 2013 U.S. Dist. LEXIS 117656 at *4-*6. Accordingly, it is appropriate for this Court to consider the Summary Plan Description ("SPD") for the Plan, referenced in the Complaint in the instant case, which is attached as Exhibit A to the accompanying Declaration of Bayli Martin filed with this motion ("Martin Decl.").

## III.   RELEVANT FACTS AS ALLEGED IN THE COMPLAINT[1]

Ellefson and Zongker were employees of GE's Renewable Energy's Onshore Wind business unit. (Compl., ¶ 9).[2] On October 24, 2022, GE sent a communication to its employees at the "Flat Ridge II" wind farm, located in Zenda, Kansas, including Plaintiffs, stating that their positions were being eliminated. (*Id.*, ¶ 10, Ex. A and B). The notice stated that the employees' last day on active payroll would be November 23, 2022, and their Job Loss date would be

---

[1] As required by law, and for purposes of this motion only, Defendants assume the truth of the allegations of the Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[2] References to Plaintiffs' Complaint, attached as Exhibit A to the Notice of Removal (Dkt. 1-2), are cited as "(Compl., ¶ [paragraph number], Ex. [exhibit letter])."

November 24, 2022. (*Id.*). GE offered a lump-sum severance benefit in consideration for executing release agreements. (*Id.*, ¶ 11). Eligibility for severance and the amount of the lump sum severance benefit is calculated according to the terms of the Plan. (*Id.*, ¶ 12; *see also id.*, Ex. A (stating that eligibility for benefits is "subject to the terms of the Plan")). Plaintiffs do not allege that they were eligible for benefits under the terms of the Plan, only that they received communication about the releases. (*See id.*). Zongker executed and submitted the release on November 2, 2022, and Ellefson executed and submitted the release on November 14, 2022. (*Id.*, ¶¶ 16, 17, Ex. C and D).

On November 17, 2022, Plaintiffs received an email from an HR Manager with GE Renewable Energy which stated that the contract at Flat Ridge had been renewed and due to the contract extension, "there would not be a layoff at Flat Ridge."[3] (*Id.*, Ex. F, p. 2). In a follow-up communication in response to Zongker, the HR Manager stated that no severance would be paid as "severance entitlement has always been conditioned on an actual termination of employment due to layoff." (*Id.*, Ex. F, p. 1). The HR Manager also told Zongker that "[h]ourly employees were not meant to receive anything to sign," noting that the release references the Plan. (*Id.*). Despite this communication, Plaintiffs "considered their employment with . . . GE terminated" after November 23, 2022, "[i]n reliance upon their severance offers and executed release agreements." (*Id.*, ¶ 21).

Plaintiffs state that they then "attempted to utilize the company alternative dispute resolution process as suggested by the terms of their respective release agreements, but in-house counsel for GE represented, following several rounds of initial discussions, that Plaintiffs were not actually entitled to mediation." (*Id.*, ¶ 22). Plaintiffs claim that GE's in-house counsel stated that "Plaintiffs should 'go ahead and file their claims in court." (*Id.*). However, nowhere does the

---

[3] Notably, the email referenced that on a prior call with the employees, it was stated that there would not be a layoff at Flat Ridge in the event that the contract was extended. (Compl., Ex. F, p. 2).

Complaint allege that Plaintiffs ever articulated to GE a claim for benefits under the Plan. Moreover, the company alternative dispute resolution process is a process for resolving covered disputes through arbitration instead of a jury trial and is completely unrelated to administrative remedies set forth in the Plan document. (*Compare id.*, Ex. A, p. 17 (Release Agreement) *and* Martin Decl., Ex. A, p. 306, 319-21. *See also* Compl., Ex. A, p. 3 (stating that "any oral or written representations by a GE employee, plan representative or other party . . . cannot override, reverse, or supplement the provisions of the plan documents").

Moreover, though Plaintiffs claim that they were not given "further explanation related to the specific provisions of the underlying Plan documents the denial of their severance was grounded upon," nor information on the Plan's review procedures (Compl., ¶ 20), they acknowledge, as they must, that eligibility for severance is subject to the terms of the Plan. (*See id.*, ¶ 24). Further, the exhibits to the Complaint, which purportedly reflect communications to the Plaintiff's regarding the severance, make clear that their eligibility for severance was subject to the terms of the Plan. (*See id.*, Ex. A, B, C, D, F).

## IV. THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF

### A. Plaintiffs Failed to Exhaust Administrative Remedies Under the Plan Before Filing Suit

Plaintiffs failed to plead administrative exhaustion under the Plan, a necessary prerequisite to suit. Additionally, they failed to exhaust administrative remedies in fact, meaning that the failure to plead exhaustion is not merely a technical deficiency. Thus, the Court should dismiss any claim under ERISA in the Complaint.

"'Although ERISA contains no explicit exhaustion requirement, . . . exhaustion of administrative . . . remedies is an implicit prerequisite to seeking judicial relief.'" *Nava v. UNUM Life Ins. Co.*, No. 12-1381-JTM, 2013 U.S. Dist. LEXIS 77374, at *5 (D. Kan. Jun. 3, 2013)

(quoting *Lane v. Sunoco, Inc.*, 260 Fed. Appx. 64, 66 (10th Cir. 2008)). Courts "have uniformly required that participants exhaust internal review before bringing a claim for judicial review" of ERISA claims. *Heimeshoff v. Hartford Life & Acc. Ins. Co.,* 571 U.S. 99, 105 (2013); *see Held v. Manufacturers Hanover Leasing Corp.*, 912 F.2d 1197, 1206 (10th Cir. 1990) (emphasis added) ("[E]xhaustion of administrative (i.e., company- or plan-provided) remedies is an implicit prerequisite to seeking judicial relief . . . otherwise, lawsuits likely would be-and should be-dismissed for lack of ripeness."); *Rando v. Standard Ins. Co.*, 182 F.3d 933 (10th Cir. 1999) (recognizing the "clear, judicially-created prerequisite of exhaustion" of administrative remedies under an ERISA claim). "'[I]t makes no difference whether [the plan] itself explicitly requires exhaustion, because ERISA exhaustion is a judicial, not contractual, doctrine.'" *Nava*, 2013 U.S. Dist. LEXIS 77374, at *5 (quoting *Lane*, 260 Fed. Appx. at 66). Moreover, "premature judicial interference with the interpretation of a plan would impede those internal processes which result in a completed record of decision making for a court to review," and thus Plaintiffs' ERISA claims may not proceed until they have exhausted their remedies under the Plan. *See McGraw v. Prudential Ins. Co. of Am.*, 137 F.3d 1253, 1263 (10th Cir. 1998). "A court may only waive administrative exhaustion requirements when appeal would be futile or the remedy offered is inadequate." *Nava*, 2013 U.S. LEXIS 77374, at *5 (citing *Lane*, 260 Fed. Appx. at 66).

Here, in accordance with the provisions of 29 U.S.C. § 1133(2), ERISA § 503(3), the Plan documents set forth specific procedures regarding how to file a claim for benefits and appeals of benefit claims. (*See* Martin Decl., Ex. A). As an initial matter, the SPD for the Plan is part of a document entitled "Your Benefits Handbook," which provides information to GE employees regarding health, life insurance, disability, and other welfare benefits provided by the Company.

6

(*Id.*, Ex. A, p. 1).[4] Section 13.1.1.2 of the SPD states that "[a] claim must be filed with the Claims Administrator in writing and delivered to the Claims Administrator, by mail (postage paid), by facsimile or by email. . . . Claims must be submitted to the Claims Administrator at the address indicated in the documents describing the ERISA Plan."[5] (*Id.*, Ex. A, p. 306). According to the SPD, the Claims Administrator for the Plan is the GE Pension Board, the address and phone number for whom are provided in Section 13.10 of the March 2022 summary of material modifications("SMM") for the Plan.[6] (*Id.*, Ex. A, SPD p. 328, March 2022 SMM p. 10[7]). Section 13.1.5 of the SPD then sets out the procedures for notification to a claimant of a claim denial, for an appeal of a claim denial, and for notification of an appeal denial. (*Id.*, Ex. A, pp. 319-20). The SPD also states unequivocally that a claimant who wants to file a lawsuit against a Plan to recover benefits the claimant believes they are owed, the claimant may not do so until they have exhausted the claims procedures set forth in the SPD. (*Id.*, Ex. A, pp. 320-21). The March 2022 SMM further states that the Plan Administrator "and any other person or committee designated to carry out" the operation and administration of the Plan "have sole and absolute discretion to interpret the plan document," the SPD, and other plan documents. (*Id.* Ex. A, March 2022 SMM p. 10).

Courts give deference to plan administrators' decisions when the plan provides discretionary authority, and will overturn the decisions of a plan or claims administrator only where the plan or claims administrator has abused its discretion in reaching the decision. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989). In order for such deference to be given, however, a claimant must first exhaust the administrative process. *See Nava*, 2013 U.S. Dist. LEXIS 77374.

---

[4] The first page of the January 2020 SPD begins on the fifty-second page of Exhibit A to the Martin Decl., after the summaries of material modifications. (*See* Martin Decl., Ex. A).
[5] Section 13.1.1.1 of the SPD for the Plan states that, "[g]enerally, a request for benefits under an ERISA Plan is a claim." (Compl., Ex. A, p. 305).
[6] Plaintiffs also reference an address for the GE Pension Board in paragraph 5 of their Complaint.
[7] The March 2022 SMM for the SPD begins on eighteenth page of Exhibit A to the Martin Decl.

Plaintiffs' Complaint is devoid of any facts establishing that a claim was submitted in accordance with the terms of the Plan, that any such claim was denied, that an appeal was filed, or that any final decision was made. (*See generally* Compl. *See* Martin Decl., Ex. A, pp. 306, 319-20)(explaining administrative claims procedure)). Specifically, Plaintiffs do not allege that they submitted a claim to the GE Pension Board as stated in Section 13.1.1.2 of the SPD. (*See* Compl.). Since Plaintiffs do not allege that they complied with the Plan's claims procedures, their Complaint is deficiently pled. *Karls v. Texaco, Inc.*, 139 F. Appx. 29, 33 (10th Cir. 2005) (affirming dismissal of claim for ERISA benefits where plaintiff "failed even to allege exhaustion").

Not only do the Plaintiffs plead no facts demonstrating that they have exhausted the required administrative process, they, in effect, admit that they have not done so. (Compl., ¶¶ 20-23). They instead claim that they are "excused" from the process because they did not receive notification of the procedure and it was waived by GE. (*Id.*, ¶ 23). This position, however, is belied by their own allegations, the documents attached to their Complaint, and the Plan.

Plaintiffs assert a claim that they are owed severance benefits under the terms of the Plan pursuant to ERISA. (*See id.*, ¶ 24 and p. 5 ("WHEREFORE" clause)). Plaintiffs also state that the Plan is governed by ERISA and that the GE Pension Board is the plan administrator for the Plan. In other words, Plaintiffs' allegations reflect an awareness of terms of the Plan and their rights pursuant to ERISA.

Plaintiffs also claim that they did not receive "information of the Plan's review procedures for adverse benefit determinations and the time limits applicable thereto." (*Id.*, ¶ 20). As an initial matter, this allegation indicates that Plaintiffs had an awareness, at the time that they filed their Complaint, that the Plan *has an administrative claims process*. Moreover, even if Plaintiffs were not aware of what that process is, ERISA provides that a plan administrator must, upon written

8

request, furnish a copy of the latest updated summary plan description or plan document, among other things. 29 U.S.C. § 1024(b)(4), ERISA § 104(b)(4). The communications that Plaintiffs received regarding the severance they claim they are owed states that eligibility for severance is subject to the terms of the Plan. (*See id.*, Ex. A and B). These communications also state that full details of GE's benefit plans are contained in the official plan documents and that "any oral or written representations by a GE employee, plan representative or other party . . . cannot override, reverse or supplement the provisions of the plan documents." (*Id.*, Ex. A, p. 3; Ex. B, p. 1). Plaintiffs do not allege that they requested such documents or even that they did not have access to plan documents. (*See* Compl.).

Plaintiffs state only that they "attempted to utilize the company alternative dispute resolution process" instead of submitting a claim. (*Id.*, ¶ 22). First, Plaintiffs *do not* state that they submitted a claim for benefits through the company alternative dispute resolution ("ADR") process. (*Id.*). Second, attempting to utilize the company's ADR process does not comport with the claims procedure in the Plan. (Martin Decl., Ex. A, pp. 306, 319-20). Indeed, the release agreement attached to the Complaint makes clear that the Company ADR (arbitration) procedure they sought to utilize was completely different than the Plan claims procedure. (*Compare id.*, Ex. A, p. 17 (Release Agreement referencing the "ADR" procedure) *and* Martin Decl., Ex. A, p. 306, 319-21). Since they have not submitted a claim for benefits through the administrative process under the Plan, their claims for severance benefits are not ripe for judicial review. "[A]n ERISA cause of action accrues when an application for benefits is denied." *Held*, 912 F.2d at 1205 (internal citations omitted).

Plaintiffs should not be permitted to circumvent the well-established requirement that they exhaust the administrative process before proceeding in Court, particularly since the allegations in

the Complaint reflect that they are aware that ERISA requires administrative exhaustion before proceeding to Court. Plaintiffs have not pled that they were denied or prevented access to the administrative process, only that it was purportedly "waived." Yet, the communications to Plaintiffs make clear that the terms of the Plan prevail over any comments by a GE employee. (*See* Compl., Ex. A, p. 3, Ex. B, p. 1 (stating that "any oral or written representations by a GE employee, plan representative or other party . . . cannot override, reverse, or supplement the provisions of the plan documents"). Moreover, Plaintiffs have not plead that they even discussed ERISA claims with this GE employee.  Even if they had, by Plaintiffs' own admissions, any comments by the GE employee were in response to the Plaintiffs trying to avail themselves of the company ADR procedure referenced in the release agreement, not the Plan claims procedure.

The administrative review process serves all parties (and the Court) by providing both parties multiple opportunities to explain their positions as to the dispute before involving the Court. *See Whitehead v. Oklahoma Gas & Elec. Co.*, 187 F.3d 1184, 1190 (10th Cir. 1999) (noting the administrative exhaustion requirement "is *necessary* to keep from turning every ERISA action, literally, into a federal case.") (internal citation and quotation omitted; emphasis added). It also provides for the claims to be reviewed in accordance with the terms of the Plan subject to the discretion of the Claims Administrator prior to judicial review. It is only when these procedures are exhausted that Plaintiffs may bring suit. (*See* Martin Decl., Ex. A, pp. 320-21). Accordingly, because Plaintiffs have not exhausted the administrative remedies under the Plan, the Court should dismiss Plaintiffs' claim. *See Getting v. Fortis Benefits Ins. Co.*, 5 F. Appx. 833, 836 (10th Cir. 2001) (affirming dismissal of claim for denial of benefits where plaintiff "failed to exhaust her administrative remedies" by not completing the procedures set forth in the operative plan).

Should the Plaintiffs seek to amend the Complaint in response to this motion, amendment

10

would be futile. First, Plaintiff Zongker cannot allege that he is eligible for benefits under the Plan. (Compl., Ex. F, p. 1). Second, Plaintiffs cannot allege that they exhausted administrative remedies, a condition precedent to filing their claim for benefits under ERISA, or that they were denied access to the administrative process. For these reasons, too, the Complaint should be dismissed.

### B. The Court Should Exercise Its Discretion to Deny Supplemental Jurisdiction Over Plaintiff Zongker's Breach of Contract Claim

When a court has original jurisdiction over one claim, the Court can exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over all other claims that form part of the same case or controversy. Critically, however, whether to exercise supplemental jurisdiction is discretionary, as 28 U.S.C. § 1367(c) provides that "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if - (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." When considering whether to assert supplemental jurisdiction, "the Court considers . . . 'the values of judicial economy, convenience, fairness, and comity.'" *Gearheart*, 2013 U.S. Dist. LEXIS 117656 at \*15 (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988)). Generally, "if federal claims are dismissed before trial, the state-court claims should be dismissed without prejudice." *Gearheart*, 2013 U.S. Dist. LEXIS 117656 at \*16 (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).

As explained above, Plaintiffs' claims for benefits under ERISA should be dismissed because Plaintiffs have failed to exhaust their administrative remedies. These are the only claims over which the Court has original jurisdiction. Should the Court grant the motion on that basis, the

only remaining claim will be Zongker's claim for breach of the Retention Award Agreement, a breach of contract claim asserted under Kansas state law. (Compl., ¶ 25). Therefore, the Court can and should exercise its discretion under 28 U.S.C. § 1367(c)(3) and decline to exercise supplemental jurisdiction over Zongker's breach of contract claim.

## V.   CONCLUSION

As discussed in detail above, the Court should dismiss Plaintiffs' entire Complaint with prejudice because Plaintiffs failed to exhaust administrative remedies before filing suit. The Court also should decline supplemental jurisdiction over Zongker's separate breach of contract claim. Therefore, Defendants respectfully request that the Court grant this Motion, dismiss the Complaint with prejudice, award Defendants their costs incurred in filing this motion, and grant such other relief as is warranted.

RESPECTFULLY SUBMITTED this 15th day of August, 2023.

LITTLER MENDELSON, P.C.

*/s/ Bayli Martin*
Bayli Martin, KS #28301
bamartin@littler.com
1201 Walnut Street
Suite 1450
Kansas City, MO 64106

Pamela S.C. Reynolds
(*Pro hac vice admission to be filed*)
preynolds@littler.com
375 Woodcliff Drive
Suite 2D
Fairport, NY 14450
Telephone:   585.203.3400

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of August, 2023, the above and foregoing was filed using the Court's e-filing system, which sent electronic notice to the following:

Dylan P. Wheeler
DEPEW GILLEN RATHBUN & MCINTEER, LC
8301 E. 21st Street N., Suite 450
Wichita, KS 67206-2936
Telephone: (316) 262-4000
Facsimile: (316) 265-3819
Email: dylan@depewgillen.com

**ATTORNEY FOR PLAINTIFFS**

*/s/ Bayli Martin*
**ATTORNEY FOR DEFENDANTS**