## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RUSSELL ELLEFSON and )
JOSHUA ZONGKER, )
　 )
　　　　Plaintiffs, )
vs. )　　Case No. 2023-CV-01145-JAR/TJJ
　 )
GENERAL ELECTRIC COMPANY )
And GE LAYOFF PLAN FOR )
SALARIED EMPLOYEES, )
　 )
　　　　Defendants. )
_____ )

### PLAINTIFFS' RESPONSE IN OPPOSITION
### TO DEFENDANTS' MOTION TO DISMISS

COME NOW the Plaintiffs, Russel Ellefson ("Ellefson") and Joshua Zongker ("Zongker"), by and through their counsel of record, Dylan P. Wheeler of Depew Gillen Rathbun & McInteer, LC, and submit the following memorandum in opposition to Defendants'—General Electric Company ("GE" or "Company") and GE Layoff Plan for Salaried Employees (the "Plan")—Fed. R. Civ. P. 12(b)(6) Motion to Dismiss for failure to state a claim (Dkt. 13).

## I.　　INTRODUCTION

Plaintiffs' ERISA claims for benefits concern the dilemma of the fox guarding the hen house. The rights and obligations Plaintiffs had while pursuing a claim for benefits necessarily required the Plaintiffs to rely on the Defendants in the first instance both to establish and then ensure proper implementation of adequate procedures consistent with their obligations under ERISA. Moreover, both the adequacy and the manner in which

those procedures were to be implemented by Defendants—as well as by the numerous employees, agents, and personnel under their care who are expected to be the on-the-ground guides for employees wishing to avail themselves of the Defendant's benefit procedures—necessarily requires first identifying the nature of the benefits involved in this ERISA action clearly enunciated by the Plaintiff 's Complaint— severance benefits.

Nowhere in Defendants' arguments made over the requirements of their own Summary Plan Document ("SPD") and its related summary of material modifications ("SMM") do Defendants cite and discuss the application procedures for claims under the ERISA plan dubbed the "GE Layoff Benefit Plan for Salaried Employees" that pertain to the respective lump sum severance payments sought by Plaintiff Ellefson and Plaintiff Zongker herein.  These procedures are entirely contained in Section 11 of the SPD, (Dkt. 14-1, at 355-423), as well as the March 2022 SMM, (Dkt. 14-1, at 21-33).

## II.    STANDARDS

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible where it is accompanied by factual content permitting the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.    ARGUMENT AND AUTHORITIES

**A.    Plaintiffs Have Sufficiently Alleged an Exception to ERISA Exhaustion Requirement Based on Defendants' Failure to Provide a Reasonable Claims Procedure.**

The legislative purposes ERISA was enacted to address were both to "'ensure that employees would receive the benefits they had earned' and to encourage employes to offer these plans by 'creating a system that is not so complex that administrative costs, or litigation expenses, unduly discourage employers from offering ERISA plans in the first place." *Ellis v. Liberty Life Assurance Company of Boston*, 958 F.3d 1271, 1278 (10th Cir. 2020).  Every ERISA benefit plan must "describe any procedure under the plan for the allocation of responsibilities for the operation and administration" thereof and "specify the basis on which payments are made to and from the plan."  29 U.S.C. § 1102(b)(2), (4).

The SPD generally notes at Section 13.1 that to "receive or apply for benefits," GE's employees "must take appropriate action" including "visiting websites, making certain phone calls, or <u>filing forms</u> described throughout" the SPD.  (Dkt. 14-1, at 373).  "Forms required to receive or apply for benefits . . . are available" from Human Resources.  (*Id.*). In this case, both Plaintiff Ellefson and Plaintiff Zongker received separate notices on October 24, 2022 that their "position with the [GE]" was either being eliminated or otherwise affected by layoff, and they were eligible for severance.  (Dkt. 1-2, at 7-42).

Where the Plan Administrator reviews to determine whether Plaintiffs experienced a "Qualifying Termination" after they signed, submitted, and did not revoke the release provided them, and where payment of the severance benefit must occur within 60 days subsequent to the effective date of the Qualifying Termination, Plaintiffs successfully filed

a "claim" as required by Section 13.1.1.2.  (Dkt. 14-1, at 22-24, 374).  This is necessarily the case where the Claims Administrator under Section 13.1.1.2 of the SPD and the Plan Administrator for the "GE Layoff Benefit Plan for Salaried Employees" under Section 13.10 of the March 2022 SMM are one and the same entity:  The GE Pension Board.  (Dkt. 14-1, at 30, 396).

Accordingly, the Plaintiffs' claims were ripe for decision by the proper fact finder under the SPD and March 2022 SMM.  Even if the GE Pension Board had denied Plaintiffs' claims, the Plaintiffs were nevertheless entitled to proper notice pursuant to Section 13.1.5 of the SPD, including:

- The reason for the denial, with specific reference to the pertinent ERISA Plan provision on which the denial is based;

- A description of any information or materials necessary to process the claim properly and the reasons why the materials are needed;

- An explanation of the claims review procedure; and

- A statement of the claimant's right to bring a civil action under ERISA Section 502(a) following an adverse benefit determination on review.

(Dkt. 14-1, 397).  Instead, as set forth by Plaintiffs' Complaint, Plaintiffs looked to that provision of the release agreement suggesting they could have issues concerning the release itself taken up through GE's internal ADR process.  (Dkt. 1-2, at 5, ¶ 22).  This was a huge waste of time because, as the Defendants themselves acknowledge, "attempting to utilize the company's ADR process does not comport with the claims procedure in the Plan," Plaintiffs received what was likely inadvertently the best advice they could have received

at that stage from Defendant GE's own in-house counsel: "go ahead and file their claims in court." (*Id.*).

As stated by the Tenth Circuit in *Holmes v. Colorado Coalition for Homeless Long Disability Plan*, 762 F.3d 1195 (2014), recognizing the "deemed-exhausted" exception to ERISA's typical judicially-imposed exhaustion requirement:

> In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue [a civil action] *on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.*

762 F.3d at 1212 (quoting 29 C.F.R. § 2560.503-1(l)).  The deemed-exhausted exception— derived from the regulations of the Department of Labor— was determined by the Tenth Circuit to be limited to instances "in which the notice and disclosure deficiencies actually denied a participant a reasonable review procedure." *Holmes*, 762 F.3d at 1213.

It is unnecessary for Plaintiffs to amend their Complaint, as the Court already has everything required to determine the Plaintiffs have met their minimal burden to state a claim in a manner sufficient for this matter to proceed.  In light of this, there is also no basis to be concerned over what to do with Plaintiff Zongker's contract-based claim under Kansas law, and the Plaintiffs should be permitted to continue forward collectively.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court deny Defendants' Motion to Dismiss for failure to state a claim.

Respectfully submitted,

*/s/ Dylan P. Wheeler*
Dylan P. Wheeler, #28661
Kurt A. Harper, #10066
DEPEW GILLEN RATHBUN & McINTEER, LC
8301 E. 21st Street North—Suite 450
Wichita, Kansas 67206
Tel.: (316) 262-4000
Fax: (316) 265-3819
dylan@depewgillen.com
kurt@depewgillen.com

*Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of October, 2023, a copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF system which will send notice of electronic filing to:

Bayli Martin
Littler Mendelson, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO 64106
bamartin@littler.com

Pamela S.C. Reynolds
Littler Mendelson, P.C.
375 Woodcliff Drive, Suite 2D
Fairport, NY 14450
preynolds@littler.com

*Attorneys for Defendants*

*/s/ Dylan P. Wheeler*
Dylan P. Wheeler, #28661