IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RUSSELL ELLEFSON and JOSHUA ZONGKER,**<br><br>    Plaintiffs,<br><br>vs.<br><br>**GENERAL ELECTRIC COMPANY and GE LAYOFF PLAN FOR SALARIED EMPLOYEES,**<br><br>    Defendants. | Case No.: 6:23-cv-1145-JAR-TJJ |

### REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Plaintiffs' Opposition does not set forth any legally cognizable basis for their failure to exhaust their administrative remedies before filing this action. Plaintiffs **do not dispute that they have not exhausted the administrative process set forth in the Plan** but instead rely on the "deemed-exhausted" doctrine, claiming erroneously that they have submitted a claim under the terms of the Plan but that GE failed to follow its own procedures thereafter. The law, the facts as alleged by Plaintiffs, and the documents attached to the Complaint do not support this conclusion.

**I.    REPLY ARGUMENT**

    **A.    Plaintiffs' Opposition Does Not Save their Claims from Dismissal for Failure to Exhaust Administrative Remedies.**

"[C]ourts have uniformly required that participants exhaust internal claim review procedures provided by the plan before bringing a civil action." *Holmes v. Colo. Coalition for the Homeless Long Term Disability Plan*, 762 F.3d 1195, 1203-04 (10th Cir. 2014).[1] *See also Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 105 (2013).

> This proposition derives from the exhaustion doctrine permeating all judicial review of administrative agency action, . . . , and aligns with ERISA's overall structure of placing primary responsibility for claim resolution on fund trustees. 29 U.S.C. § 1133. Otherwise, premature

---

[1] Plaintiffs cite *Holmes* in support of their argument regarding the application of the deemed-exhaustion doctrine (Plaintiffs' Opposition at 5), but notably, the plaintiff in *Holmes* was not excused from the administrative process based on that doctrine. *See Holmes*, 762 F.3d 1195.

> judicial interference with the interpretation of a plan would impede those internal processes which result in a completed record of decision making for a court to review.

*McGraw v. Prudential Ins. Co. of Am.*, 137 F.3d 1253, 1263 (10th Cir. 1998). Plaintiffs acknowledge that they did not exhaust the Plan's administrative claims process and claim, instead, that they should be excused from the requirement that they complete that process. (Compl., ¶ 23; Plaintiffs' Opposition at 4-5). Plaintiffs evoke the "deemed exhausted" exception or doctrine to excuse their defect. (Plaintiffs' Opposition at 5). Here, Plaintiffs' allegations and the terms of the Plan as set forth in the SPD do not support application of this exception.

As an initial matter, "[a] party invoking the [deemed-exhausted] doctrine in ERISA actions must show the existence of 'deficiencies [which] actually denied the participant a reasonable review procedure.'" *Carlson v. Std. Ins. Co.*, No. 21-1179 -EFM, 2022 U.S. Dist. LEXIS 3059, at *5 (D. Kan. Jan. 6, 2022) (quoting *Holmes*, 762 F.3d at 1213). *See also L.E. v. Deseret Mut. Ben. Adm'rs*, 2023 U.S. Dist. LEXIS 107703 at *17. In particular, a party relying on the doctrine must do more than cite the doctrine but must explain how the defendant prevented them from seeking a timely review. *See Carlson*, 2022 U.S. Dist. LEXIS 3059 at *5 to *6. Plaintiffs' allegations here do not meet this standard, nor does their Opposition. Instead, Plaintiffs' statements indicate an awareness of a required claims and appeals procedure but make the conclusory assertion that they should be excused from it because Defendants allegedly failed to notify them of "any applicable internal appeal procedure and its applicable timelines upon denial of their claim for benefits." (Compl., ¶ 23). Plaintiffs do not plead facts that prevented them from seeking timely review of their claims under the terms of the Plan. (*See generally* Compl.).[2] Indeed, at the time that they filed their Complaint on June 23, 2023, they could have submitted a timely claim for benefits in accordance with the terms of the Plan. (*See* Dkt. 14-1 at 374; Compl., ¶ 19).

Plaintiffs' reliance on the deemed-exhausted doctrine is based on an erroneous assertion that they submitted a claim in accordance with the terms of the Plan and the Claims Administrator did not follow

---

[2] References to Plaintiffs' Complaint, attached as Exhibit A to the Notice of Removal (Dkt. 1-2), are cited as "(Compl., ¶ [paragraph number], Ex. [exhibit letter])."

the Plan's claims and appeals procedure in response to that claim. (Compl., ¶ 23; Plaintiffs' Opposition at 4). Plaintiffs specifically rely on their signing and returning the "Full Layoff Benefit Release for Salaried Employees" ("release) as effecting their submission of a claim for benefits, since it was a document purportedly provided to them by GE's Human Resources. (Plaintiffs' Opposition at 4). In other words, Plaintiffs are alleging that the release simultaneously forms the basis for their administrative claim for benefits and also is the document that they submitted for their administrative claim. (*Id.*). This assertion is non-sensical and is not supported by their Complaint nor the terms of the Plan. Further, Plaintiffs' citations to the Plan for this argument ignore the specific requirements set forth in the Plan for submitting a claim that initiates the administrative process.[3]

The exhibits to the Complaint show that Plaintiffs were informed that they "*may* be eligible for a lump sum severance benefit under the Plan," that the benefit was subject to the terms of the Plan, and that they should go to the Your Benefits Handbook – the SPD – for any questions about their job loss benefits. (*See* Compl., Exs. A and B (Dkt. 1-2 at 7, 20, 23, 28, 39, 43) (emphasis added)). (*See also* Dkt. 14-1, Ex. A). Section 13.1.1.1 of the SPD explains what a claim is, and Section 13.1.1.2 "describes what a Covered Person . . . *must do* to file a claim for benefits." (*Id.* at 374 (emphasis added)). (*See* Dkt. 14 at 7). Among other things, a claim must be timely filed with the Claims Administrator in writing and delivered to the Claims Administrator at the address indicated in the documents describing the Plan and must be complete and in a format acceptable to the Claims Administrator and compliant with applicable legal requirements. (Dkt. 14-1 at 374). Plaintiffs' do not allege *any* facts reflecting that they submitted a claim that complied with these procedures, nor do the documents they attach to their Complaint support that conclusion. They do not (and cannot) plausibly allege that the release that they signed was the applicable form for submitting a claim pursuant to this section of the Plan. (*See* Compl.). For example, the documentation in Exhibit A to the Complaint that discusses the release states that it is a release of

---

[3] Plaintiffs erroneously state in their Opposition that Defendants do not "cite and discuss the application procedures for claims under" the Plan. (Plaintiffs' Opposition at 2). Defendants discuss this procedure on pages 6-7 of their Memorandum of Law in Support of Defendants' Motion to Dismiss. (Dkt. 14 at 6-7).

claims, to be submitted for timely processing of the job loss benefit, *not* for an administrative claim under the terms of the Plan. (*See, e.g.,* Compl., Ex. A (Dkt. 1-2 at 11). Plaintiffs also do not, and cannot, allege that they submitted the release to the Claims Administrator at "the address indicated in the documents describing the ERISA Plan." (Dkt. 14-1 at 374. *See* Compl.). The release directs the Plaintiffs to return the signed release to Human Resources by uploading it to http://onehr.ge.com/forms and emailing it to their Human Resources Manager – *not* to the GE Pension Board, which is the Claims Administrator for the Plan. (Compl., Exs. A and B (Dkt. 1-2 at 27, 48; Dkt. 14 at 7)). This method of submission does not comport with the method set forth in the SPD, and Plaintiffs do not allege that they submitted the release in any way other than the method directed in the release. (*See* Compl.; Plaintiffs' Opposition). Indeed, they plead that they executed and submitted their releases "as instructed" in the communications that they received in connection with the releases, not as instructed by the clear terms of the Plan. (Compl., ¶¶ 16-17).

Plaintiffs' Complaint also does not plausibly plead that they should be "deemed to have exhausted" their administrative remedies because "notice and disclosure deficiencies" denied them a reasonable review procedure. (Plaintiffs' Opposition at 5. *See* Compl.). Plaintiffs do not claim that they did not have notice of the SPD, nor can they as referenced in the exhibits attached to their Complaint. (*See* Compl., ¶ 10, Exs. A and B (Dkt. 1-2 at 20, 39)). Instead, they claim that they were not given notice of the appeals procedure after their purported claim was denied. (Plaintiffs' Opposition at 4; Compl., ¶ 23). The appeals procedure also is set forth in the *Your Benefits Handbook*, which contains the SPD, at Section 13.1.2.6. (Dkt. 14-1 at 379-80). Moreover, as discussed above, Plaintiffs did not submit a claim in accordance with the terms the Plan – meaning that they did not initiate the administrative claims process. Thus, the requirement under the terms of the Plan and ERISA that Plaintiffs be provided notice of the appeals procedure upon the denial of a claim did not apply to them. (*See* Dkt. 14-1 at 378).

Further, their purported claim was not "denied." Rather, they did not receive severance because they were not laid off. (*See* Compl., ¶ 19, Ex. F). The layoff is a requirement for qualification for layoff

benefits, including severance, under the terms of the Plan. (*See* Dkt. 14-1 at 355 (Section 11.1.1 and 11.1.1.1)). Plaintiffs were informed on November 17, 2022, that the previously announced layoff, which was to start a week later, would not happen and their jobs at Flat Ridge would continue. (*See* Compl., ¶¶ 10,19, Ex. F). In any event, Plaintiffs' eligibility for severance under the terms of the Plan is for the Claims Administrator to decide. (*See* Dkt. 14-1 at 373).

Lastly, as discussed in Defendants' initial motion papers, Plaintiffs' allegations that they attempted to use GE's alternative dispute resolution process to allege a breach of contract claim or that they were told to "proceed in Court" are inapposite. (*See* Dkt. 14 at 9-10). It is clear that Plaintiffs were aware that the Plan would have a claims and appeals procedure. (Compl., ¶ 23). The Company's alternative dispute resolution process is obviously not that procedure. (*See* Dkt. 14-1 at 374-75). Further, Plaintiffs were plainly informed that the terms of the Plan prevail over any comments by a GE employee. (*See* Compl., Exs. A and B (Dkt. 1-2 at 9, 28)).

### B. Plaintiffs' State Law Claim Should Be Dismissed.

With respect to Plaintiff Zongker's state law claim, Plaintiffs only argue this claim should not be dismissed if the Court does not dismiss their ERISA claims. As discussed above, Plaintiffs' arguments that their ERISA claims should not be dismissed are unsupported by their Complaint, the terms of the Plan, and the law. Therefore, their ERISA claims should be dismissed, and the Court should decline to exercise jurisdiction over Zongker's breach of contract claim. (Dkt. 14 at 11-12).

## II. CONCLUSION

For all of the reasons discussed above and in Defendants' initial motion papers (Dkt. 14), the Court should dismiss Plaintiffs' entire Complaint with prejudice because Plaintiffs failed to exhaust administrative remedies before filing suit. The Court also should decline supplemental jurisdiction over Zongker's separate breach of contract claim. Moreover, Plaintiffs acknowledge that "[i]t is unnecessary . . . to amend their Complaint." (Plaintiffs' Opposition at 5). Therefore, Defendants respectfully request that the Court grant this Motion, dismiss the Complaint with prejudice, award Defendants their costs incurred in filing this motion, and grant such other relief as is warranted.

RESPECTFULLY SUBMITTED this 31st day of October, 2023.

                                                LITTLER MENDELSON, P.C.

By: */s/ Bayli Martin*
    Bayli Martin, KS #28301
    bamartin@littler.com
    1201 Walnut Street
    Suite 1450
    Kansas City, MO 64106

    Pamela S.C. Reynolds
    (Admitted *pro hac vice*)
    preynolds@littler.com
    375 Woodcliff Drive
    Suite 2D
    Fairport, NY 14450
    Telephone:    585.203.3400

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of October, 2023, the above and foregoing was filed using the Court's e-filing system, which sent electronic notice to the following:

Dylan P. Wheeler
DEPEW GILLEN RATHBUN & MCINTEER, LC
8301 E. 21st Street N., Suite 450
Wichita, KS 67206-2936
Telephone: (316) 262-4000
Facsimile: (316) 265-3819
Email: dylan@depewgillen.com

**ATTORNEY FOR PLAINTIFFS**

                                                */s/ Bayli Martin*
                                                **ATTORNEY FOR DEFENDANTS**