IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RUSSELL ELLEFSON and JOSHUA ZONGKER,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**GENERAL ELECTRIC COMPANY and GE LAYOFF PLAN FOR SALARIED EMPLOYEES,**<br><br>**Defendants.** | Case No. 23-cv-1145-JAR-TJJ |

## MEMORANDUM AND ORDER

Plaintiffs Russell Ellefson and Joshua Zongker commenced this lawsuit in Sedgwick County, Kansas District Court claiming that they are owed severance benefits pursuant to the terms of a plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA").[1] After removing the action to this Court, Defendants General Electric Company ("GE") and GE Layoff Plan for Salaried Employees (the "Plan") filed a Motion to Dismiss the Complaint (Doc. 13) pursuant to Fed. R. Civ. P. 8 and 12(b)(6) on grounds that Plaintiffs' ERISA claims fail as a matter of law because the Complaint fails to plead administrative exhaustion. Defendants also request that the Court decline to exercise supplemental jurisdiction over Plaintiff Zongker's state law breach of contract claim. The matter is fully briefed, and the Court is prepared to rule. For the reasons explained below, the Court denies Defendants' motion.

---

[1] 29 U.S.C. § 1001, *et seq.*

**I.      Standard**

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of Rule 8(a)(2) is to provide "the defendant fair notice of the claims against him without requiring the plaintiff to have every legal theory or fact developed in detail."[2]

To survive a motion to dismiss brought under Rule 12(b)(6), "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[3] The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[4] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[5] Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[6]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all of the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[7] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[8] Second, the

---

[2] *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1091 (10th Cir. 1991) (citation omitted).

[3] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[6] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[7] *Id.* (quoting *Twombly*, 550 U.S. at 555).

[8] *Id.* at 678–79.

court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[9]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

Although "[t]he 'usual rule' is 'that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss,' . . . 'the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"[11]  Here, the Court considers the documents and correspondence attached to the Complaint, and the Summary Plan Description ("SPD") for the Plan attached to Defendants' brief in support of its motion to dismiss.  These documents are referenced in the Complaint and central to Plaintiffs' claims, and neither party disputes their authenticity.

## II.    Background

The following facts are either alleged in Plaintiffs' Complaint or included in the documents attached to the Complaint.  The Court accepts the facts asserted in the Complaint as true and views them in the light most favorable to Plaintiffs.[12]

Ellefson and Zongker were employees of GE's Renewable Energy's Onshore Wind business unit.  On October 24, 2022, GE sent a communication to its employees at the Flat Ridge II wind farm, located in Zenda, Kansas, including Plaintiffs, stating that their positions were

---

[9] *Id.* at 679.

[10] *Id.* at 678.

[11] *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (alteration omitted) (first quoting *Alvarado v. KOB-TV, LLC*, 493 F.3d 1201, 1215 (10th Cir. 2007); and then quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

[12] *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).

being eliminated.[13] The notice stated that the employees' last day on active payroll would be November 23, 2022, and their Job Loss date would be November 24, 2022.[14] The notice explained that Plaintiffs were eligible for benefits under the Plan, including a lump-sum severance benefit, in exchange for executing Full Benefits Release agreements.[15] The amount of the lump-sum severance benefit is calculated according to the terms of the Plan. The lump-sum severance benefit offered to Ellefson was $34,485.64; the benefit offered to Zongker was $14,416.00.

Plaintiffs were instructed by GE that they would have at least 45 days to consider the offered severance packages before signing, and to return signed and accepted offers by uploading copies to GE Human Resources ("HR") Services on a designated online portal.[16] Zongker executed and submitted the release form on November 2, 2022.[17] Ellefson executed and submitted the release form on November 14, 2022.[18] Zongker also accepted an offer from GE providing an opportunity to receive a "Retention Award" of $1,500.00 on the condition he remain employed with the company through his last day of November 23, 2022, to be paid within 60 days thereafter.[19]

On November 17, 2022, a GE HR Manager included Plaintiffs on an email chain providing notice that GE's contract had been renewed at Flat Ridge, and therefore "there would

---

[13] Doc. 1-2, Exs. A and B.

[14] *Id.*

[15] Id.

[16] *Id.*, Exs. C and D.

[17] *Id.*, Ex. C.

[18] *Id.*, Ex. D.

[19] *Id.*, Ex. E.

not be a layoff."[20]  When Zongker asked what this meant for those employees who had already signed and submitted their severance agreements and whether there would be a formal rescind letter, the HR Manager stated that the severance agreements were sent merely to give "notice of what would happen if the contract was not extended," and that no severance would be paid if employees left Flat Ridge as "severance entitlement has always been conditioned on an actual termination of employment due to layoff."[21]  The HR Manager also told Zongker that "[h]ourly employees were not meant to receive anything to sign," noting that the release references the Plan for salaried employees.[22]  Plaintiffs received no further explanation related to the specific provisions of the Plan documents on which the denial of their severance was grounded, nor information of the Plan's review procedures for adverse benefit determinations and the time limits applicable thereto.  In reliance upon their severance offers and executed release agreements, Plaintiffs considered their employment with GE terminated after their last day of November 23, 2022.

Plaintiffs attempted to utilize the company alternative dispute resolution ("ADR") process as suggested by the terms of their respective release agreements, which state that "the Company's internal alternative dispute resolution process" remains in effect.[23]  However, in-house counsel for GE represented to Plaintiffs, following several rounds of initial discussions, that they were not entitled to mediation.[24]  GE's in-house counsel stated that Plaintiffs should "go ahead and file their claims in court."[25]  Plaintiffs assert that the failure to notify them of any

---

[20] *Id.*, Ex. F.

[21] Id.

[22] *Id.*

[23] *Id.*, Exs. C and D.

[24] *Id.* ¶ 22.

[25] Id.

applicable internal appeal procedure and its applicable timelines upon denial of their claim for benefits—combined with the apparent waiver by GE of any such requirement through the express statements of its counsel—excuses Plaintiffs from any requirement under the Plan to exhaust internal appeal procedures under the Plan.  Alternatively, Plaintiffs assert that resorting to any such internal appeal procedure would be futile.[26]  Plaintiffs claim that they are entitled to the severance benefits due to them under the terms of the Plan and seek to enforce their rights to those benefits.  Zongker also claims that GE breached its separate Retention Award agreement with him due to GE's continued failure to pay the agreed $1,500.00 following his full performance under the agreement.

## III.    Discussion

Defendants assert that Plaintiffs' ERISA claims fail as a matter of law because Plaintiffs do not plead administrative exhaustion under the Plan and did not in fact exhaust administrative remedies.  Defendants argue that the Complaint is devoid of facts establishing that a claim was submitted in accordance with the terms of the Plan, that any such claim was denied, that an appeal was filed, or that any final decision was made.  Specifically, Defendants argue that Plaintiffs do not allege that they submitted a claim to the GE Pension Board as stated in Section 13.1.1.2 of the SPD.  Plaintiffs do not expressly dispute that they have not exhausted the administrative process set forth in the Plan, but instead claim that they have sufficiently alleged an exception to the ERISA exhaustion requirement based on Defendants' failure to provide a reasonable claims procedure.

---

[26] *Id.* ¶ 23.

"It is well established that a plaintiff must exhaust administrative remedies before bringing an ERISA benefits claim in court."[27] Several circuit courts have held that ERISA's exhaustion requirement is not jurisdictional, but is an affirmative defense, which a plaintiff is not required to plead.[28] Although the Tenth Circuit has not directly addressed the issue, in this district, Judge Crabtree has concluded that, if the Tenth Circuit were to address the issue, it would reach the same conclusion.[29] This Court sees no reason to depart from Judge Crabtree's reasoned holdings, and thus concludes that if presented with this question, the Tenth Circuit would hold that ERISA exhaustion is an affirmative defense, and a plaintiff is not required to plead exhaustion to survive a Rule 12(b)(6) motion to dismiss.

It is possible, however, that the complaint actually pleads facts confessing the affirmative defense.[30] "A complaint 'is subject to dismissal under Rule 12(b)(6) when its allegations indicate the existence of an affirmative defense, but the defense clearly must appear on the face of the pleading.'"[31] "Without information in the complaint alleging [the plaintiff's] failure to exhaust . . . , there is no basis for the motion to dismiss."[32] While the Complaint never explicitly states whether Plaintiffs exhausted administrative remedies, it alleges that they looked to the

---

[27] *Tronsgard v. FBL Fin. Grp., Inc.*, 312 F. Supp. 3d 982, 1004 (D. Kan. 2018) (citing *Whitehead v. Okla. Gas & Elec. Co.*, 187 F.3d 1184, 1190 (10th Cir. 1999)).

[28] See, e.g., Vaught v. Scottsdale Healthcare Corp. Health Plan, 546 F.3d 620, 627 n.2 (9th Cir. 2008); Crowell v. Shell Oil Co., 541 F.3d 295, 308–09 (5th Cir. 2008); Metro. Life Ins. Co. v. Price, 501 F.3d 271, 279–80 (3d Cir. 2007); Paese v. Hartford Life & Accident Ins. Co., 449 F.3d 435, 445 (2d Cir. 2006).

[29] *Tronsgard*, 312 F. Supp. 3d at 1004; *Richardson v. Kellogg Co.*, No. 14-2372-DDC-JPO, 2014 WL 7338844, at *3–7 (D. Kan. Dec. 22, 2014); *see also Carlson v. Std. Ins. Co.*, No. 21-1179-EFM, 2022 WL 65811, at *2 (D. Kan. Jan. 6, 2022) (citations omitted) (explaining that the exhaustion requirement for claims brought under Kansas Public Employees Retirement System is a jurisdictional prerequisite to suit; distinguishing ERISA claims, under which exhaustion requirement is not a jurisdictional prerequisite, but an affirmative defense).

[30] *See Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018) ("To be sure, on occasion it is proper to dismiss a claim on the pleadings based on an affirmative defense. But that is only when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements.").

[31] *Doe v. Bally*, No. 05-1346-WEB, 2007 WL 628273, at *2 (D. Kan. Mar. 1, 2007) (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed. 1990)).

[32] Id. (citing Turner & Boisseau, Inc. v. Nationwide Mut. Ins. Co., 944 F. Supp. 842, 847 (D. Kan. 1996)).

7

provision in the release agreements suggesting they could take up issues regarding the release itself through GE's internal ADR process, which did not comport with the claims procedure in the Plan. Plaintiffs allege that GE's in-house counsel subsequently advised them to proceed with filing a lawsuit in court. Thus, Plaintiffs allege, they are excused from any requirement under the Plan to exhaust internal appeal procedures under the Plan.

The Tenth Circuit excuses the ERISA exhaustion requirement "in two limited circumstances—when resort to administrative remedies would be futile or when the remedy provided is inadequate."[33] The Department of Labor adds a third exception, which provides that claimants are "deemed to have exhausted" their administrative remedies if a plan fails to establish or follow claims procedures consistent with ERISA requirements.[34] Plaintiffs argue that their Complaint adequately invokes the "deemed-exhausted" exception to ERISA's exhaustion requirement, described by the Tenth Circuit as follows:

> In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue [a civil action] on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.[35]

This exception "is limited to instances in which the notice and disclosure deficiencies actually denied the participant a reasonable review procedure."[36]

Defendants contend that Plaintiffs' allegations fail to plead sufficiently the deemed-exhausted exception. They argue that a party relying on the exception must do more than merely

---

[33] Holmes v. Colo. Coalition for Homeless Long Term Disability Plan, 762 F.3d 1195, 1204 (10th Cir. 2014) (citation omitted).

[34] *Id.* (citing 29 C.F.R. § 2560.503-1(*l*) (the deemed-exhausted provision)).

[35] *Id.* at 1212 (quoting 29 C.F.R. § 2560.503-1(*l*)).

[36] *Id.* at 1213.

cite the doctrine, but must explain how the defendant prevented them from seeking a timely review.[37] Plaintiffs assert that the Complaint meets the minimal burden necessary to state an exception to the ERISA exhaustion requirement. The Court agrees. Viewing the allegations of the Complaint in Plaintiffs' favor—as it must—Plaintiffs have alleged facts that are capable of supporting a finding or inference that Defendants prevented them from seeking timely review.

As Plaintiffs point out, the SPD generally notes at Section 13.1 that "[t]o receive or apply for benefits," GE employees "must take appropriate action," including "visiting websites, making certain phone calls, or filing forms described throughout" the SPD handbook.[38] "Forms required to receive or apply for benefits . . . are available" from HR.[39] Plaintiffs argue that Defendants fail to cite to or discuss the application procedures for claims under the Plan that pertain to their respective lump-sum severance payments. The Complaint also alleges that Plaintiffs filed a "claim" as required by the Plan when they submitted their release agreements in exchange for a lump-sum severance as instructed by GE HR, then looked to the provision in those agreements suggesting that they take up issues concerning the release through GE's internal alternative dispute process. The Complaint further alleges that GE did not formally rescind the claim for severance benefits, and Defendants' failure to notify them of any applicable internal appeal procedure and its applicable timelines upon denial of their claim for benefits— combined with the apparent waiver by GE of any such requirement through the express statements of its counsel telling Plaintiffs to go ahead and file a lawsuit—excuses Plaintiffs from any requirement under the Plan to exhaust internal appeal procedures under the Plan.

---

[37] *See Carlson v. Std. Ins. Co.*, No. 21-1179-EFM, 2022 WL 65811, at *3 (D. Kan. Jan. 6, 2022) (citing *Holmes*, 762 F.3d at 1213).

[38] Doc. 14-1 at 373.

[39] *Id.*

Given the liberal pleading requirements under the federal rules, the Court concludes that the allegations in the Complaint sufficiently plead an exception to the exhaustion requirement to survive Rule 12(b)(6) dismissal.[40]  Thus, the Court denies Defendants' motion to dismiss Plaintiffs' ERISA claim at this early stage of the proceedings.  In light of this ruling, the Court does not reach Defendants' request that it decline to exercise jurisdiction over Zongker's state law breach of contract claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 13) Plaintiffs' ERISA claim for failure to exhaust is **denied**.

**IT IS SO ORDERED.**

Dated: December 5, 2023

                                        S/ Julie A. Robinson
                                        JULIE A. ROBINSON
                                        UNITED STATES DISTRICT JUDGE

---

[40] *See Tronsgard v. FBL Fin. Grp., Inc.*, 312 F. Supp. 3d 982, 1007 (D. Kan. 2018) (denying a Rule 12(b)(6) motion to dismiss where complaint sufficiently pleads futility exception to ERISA exhaustion requirement); *Muller v. Am. Mgmt. Ass'n Int'l*, 315 F. Supp. 2d 1136, 1140 (D. Kan. 2003) (denying a Rule 12(b)(6) motion to dismiss because "[i]n light of the liberal pleading standards under the federal rules . . . plaintiffs have sufficiently pled the exceptions to the administrative exhaustion requirement" and "[t]he court is therefore unwilling to dismiss plaintiffs' claim at this early stage.").